**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LUIS GONZALEZ, AKA Luis Armando Gonzalez, AKA Luis Armondo Gonzalez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-73292 <br><br> Agency No. A205-717-446 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2017[**]
Pasadena, California

Before:  KOZINSKI and OWENS, Circuit Judges, and SETTLE,[***] District Judge.

1. The Board if Immigration Appeals ("BIA") explained its reasons for

affirming the Immigration Judge's ("IJ") denial with sufficient clarity.  *See*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

*Antonyan v. Holder*, 642 F.3d 1250, 1256 (9th Cir. 2011). The BIA affirmed the IJ's denial in part because the IJ "did not clearly err in finding that [Gonzalez] did not show a reasonable probability that he would lack access to appropriate medications in Mexico[,]" based on expert declarations indicating that similar medications are on Mexico's basic list of psychiatric medications. The BIA was not required to do more – it need not explicitly address the IJ's string-of-events analysis.

2. The IJ denied Gonzalez's asylum application in part based on a finding that Gonzalez's argument that he would be unable to obtain the medication he needs to treat his bipolar disorder was not substantiated. On review, the BIA concurred with the IJ's analysis, but cited further evidence to support the conclusion that Gonzalez did not show a reasonable possibility that he would lack access to appropriate medications in Mexico. Governing regulations state that the BIA shall not "engage in de novo review of findings of fact determined by an immigration judge." 8 C.F.R. § 1003.1(d)(3)(i); *see also Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012). In citing expert declarations, the BIA was simply discussing further evidence to support the IJ's conclusion. Accordingly, though the BIA cited different evidence than the IJ did, the BIA did not engage in improper additional fact-finding.

3. Gonzalez's evidence does not compel the conclusion that he will be

persecuted in Mexico on account of his mental illness. Asylum claims cannot be based on unduly speculative fears of future persecution. *See, e.g.*, *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). Accordingly, given the "very deferential" substantial evidence standard of review, we will not disturb the BIA's denial of Gonzalez's claims for asylum and withholding of removal. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).

4. Gonzalez's speculative fear that he will be subjected to deplorable conditions in a Mexican mental institution or prison if he is deported does not satisfy the standard for relief under the Convention Against Torture because he provided no evidence that he will be specifically targeted for torture. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**